KURT C. FAUX, ESQ.
Nevada Bar No. 003407
LELAND K. FAUX, ESQ.
Nevada Bar No. 12206
THE FAUX LAW GROUP
1540 W. Warm Springs Road, Suite 100
Henderson, Nevada 89014
Telephone: (702) 458-5790
Facsimile: (702) 458-5794
Email: kfaux@fauxlaw.com
 lfaux@fauxlaw.com
Attorneys for Western Surety Company

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WESTERN SURETY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>S3H, INC.; a Nevada corporation; VATCHE SARKOYAN, an individual; ARLENE SARKOYAN, an individual; DOE INDIVIDUALS 1 THROUGH 10; ROE BUSINESS ENTITIES 11 THROUGH 20;<br>Defendants. | Case No.: 2:14-cv-02056-JCM-PAL<br><br>**STIPULATION AND ORDER TO EXTEND DEPOSITION DEADLINES ESTABLISHED BY COURT ORDER (Dkt #27)** |

Plaintiff Western Surety Company (Western) and Defendants S3H, Inc., Vatche Sarkoyan, and Arlene Sarkoyan, by and through their respective counsel, hereby stipulate to brief extension of the deposition deadline as established by order (Dkt. #27).

## I. RELEVANT BACKGROUND

**A. Factual Background**

In February 2012, S3H entered into a construction subcontract with Hoffman Construction Company of Oregon (Hoffman) for a project owned by Intel Corporation in Oregon (the "Project"). Western posted performance and payment bonds (the "Bonds") on behalf of S3H, with S3H as principal, in relation to the Project.

1

In consideration of the issuance of the Bonds by Western, the Defendants entered into a General Agreement of Indemnity (the "Indemnity Agreement") wherein they each agreed, jointly and severally, to indemnity Western from and against every claim, demand, liability, cost, charge, suit, judgment and expense which the Western may pay or incur in consequence of having executed, or procured the execution of such bonds.

In 2012, S3H and Western became involved in a dispute involving multi-million dollar claims with Hoffman in Oregon. On February 28, 2014, S3H, Western, and Hoffman entered into an Amended Arbitration Panel Agreement (the "AAPA"). The claims between Hoffman and S3H and Western were resolved in S3H's favor through the subsequent arbitration process.

Western commenced this action seeking reimbursement under the Indemnity Agreement for the expenses incurred in the Oregon arbitration. The Defendants contend that the Indemnity Agreement is unenforceable based on the terms of the AAPA and that the terms of the AAPA should be enforced by this court.

**B.** **Procedural History**

At the outset of this case, the Parties agreed that the interpretation of the AAPA would be a key and narrow issue in resolving this case. Thus, the parties informally gathered information and engaged in informal settlement discussions. Through these dealings, the parties determined that it would be beneficial to hold a formal settlement conference. Therefore, on July 8, 2015, the parties submitted a stipulation or order for a settlement conference (Dkt. 21), which was granted. (Dkt. 25, schedule modified by Dkt. 27).

The parties also stipulated to stay discovery pending the settlement conference. (Dkt. 22). AT the hearing on this stipulation, the parties represented that the discovery needed for the narrow issue of the scope and interpretation of the AAPA would be minimal, but that if the settlement was unsuccessful, the parties would need additional discovery on the issues of the amounts claimed and the

affirmative defenses. This stipulation to stay was denied and the court ordered the parties to complete written discovery and depositions prior to the settlement conference and extended the expert disclosure deadline. (Dkt. 27).

In completing the written discovery, the volume of documents produced has been tremendous. The Defendants have produced nearly 1 terabyte of documents which is estimated to be approximately 350,000 pages of documents. Likewise, Western's production has involved a substantial amount of documents. Many of these documents relate to the underlying arbitrated dispute between Hoffman and S3H and Western. Given the narrow issues in this case, counsel did not anticipate the discovery to include the scope of documents produced. In fact, the parties are still in the process of supplementing discovery responses based on the significant volume of documents.

## II. INFORMATION REQUIRED BY LR 26-4

**A.   Discovery Completed.**

Western served written discovery requests, including interrogatories, requests for documents, and requests for admissions to each of the Defendants. The Defendants submitted their responses. However, due to the volume of documents, the Defendants are still in the process of supplementing their responses.

S3H also served written discovery on Western, including interrogatories, requests for documents, and requests for admissions. Western has submitted its responses. However, like the Defendants, Western is still in the process of supplementing its responses.

**B.   Discovery Remaining.**

In addition to the supplemental responses referenced above, the parties are still in the process of finalizing the deposition schedule.

S3H intends to take the deposition of Kurt Kraemer and Mark McKibbin tentatively scheduled to take place on October 5, 2015 in Oregon.

1  Western intends to take the depositions of Vatche Sarkoyan, Charles Bennion, and Eric Hone
2  tentatively scheduled to take place on October 12, 2015 in Las Vegas.
3  **C.  Reasons why discovery is not completed.**
4  Counsel has spent more time than anticipated on written discovery requests and document
5  management. In the meantime, the parties have been attempting to coordinate the schedules for
6  multiple individuals for the depositions. Despite good-faith efforts, it appears unlikely that the
7  depositions will be able to be completed by October 4, 2015 and a short extension is required.
8  **D.  Proposed Schedule.**
9  The parties propose that the deposition deadline be moved from October 4, 2015 **to October**
10 **14, 2015**. This will still allow for the deposition to be completed prior to the settlement conference
11 (October 23, 2015) and prior to the settlement conference statements being due (October 16, 2015).

DATED this 24th day of September, 2015.           DATED this 24th day of September, 2015.

THE FAUX LAW GROUP                                 JOHN W. MUIJE & ASSOCIATES

/s/ Leland K. Faux
KURT C. FAUX, ESQ.                                 JOHN W. MUIJE, ESQ.
Nevada Bar No. 002478                              Nevada Bar No. 2419
LELAND K. FAUX, ESQ.                               1840 East Sahara Avenue, Suite 106
Nevada Bar No. 12206                               Las Vegas, NV 89104
1540 W. Warm Springs Road, #100                    *Attorneys for Defendants/Counterclaimants S3H,*
Henderson, Nevada 89014                            *Inc.; Vatche Sarkoyan and Arlene Sarkoyan*
*Attorneys for Plaintiff/Counterdefendant Western*
*Surety Company*

**ORDER**

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: October 9, 2015

4