KURT C. FAUX, ESQ.
Nevada Bar No. 003407
LELAND K. FAUX, ESQ.
Nevada Bar No. 12206
THE FAUX LAW GROUP
1540 W. Warm Springs Road, Suite 100
Henderson, Nevada 89014
Telephone: (702) 458-5790
Facsimile: (702) 458-5794
Email: kfaux@fauxlaw.com
      lfaux@fauxlaw.com
*Attorneys for Plaintiff/Counterdefendant*
*Western Surety Company*

FILED / ENTERED / RECEIVED / SERVED ON
COUNSEL/PARTIES OF RECORD
OCT 28 2015
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WESTERN SURETY COMPANY,<br><br>    Plaintiff,<br>v.<br><br>S3H, INC.; a Nevada corporation; VATCHE SARKOYAN, an individual; ARLENE SARKOYAN, an individual; DOE INDIVIDUALS 1 THROUGH 10; ROE BUSINESS ENTITIES 11 THROUGH 20;<br>    Defendants. | Case No.: 2:14-cv-02056-GMN-PAL<br><br>**MOTION TO EXTEND DEADLINE FOR DISPOSITIVE MOTIONS AND PRE-TRIAL ORDER**<br><br>**(Third Request)** |
| AND ALL RELATED MATTERS. | |

Under LR 26-4, Plaintiff/Counterdefendant Western Surety Company moves for an order extending the deadlines for dispositive motions and the pre-trial order as established under the court's scheduling order dated June 9, 2015 (Dkt. #20). Good cause exists under the specific circumstances of this case as set forth below.

///

///

///

1

A. **Discovery Completed**

　　1. *Written Discovery*

Western served interrogatory requests, requests for production of documents, and requests for admission on Defendants S3H, Vatche Sarkoyan, and Arlene Sarkoyan in accordance with the court's order dated July 27, 2015 (Dkt. #27). Each of the defendants served responses to these requests. However, Western has notified the Defendants of deficiencies in their responses. These outstanding deficiencies will either be resolved between the parties or will be presented to the court for resolution.

The Defendants also served interrogatory requests, requests for production of documents, and requests for admission on Western in accordance with the July 27 order. Western has responded to these requests. The Defendants raised issues as to Western's responses at one point in time. However, Western believes these issues have been resolved by facilitating the inspection of Western's documents in electronic format.

　　2. *Depositions*

Western has taken the depositions of Vatche Sarkoyan, Eric Hone, and Charles Bennion. Due to deficiencies in the Defendants' responses to Western's written discovery requests, Western has specifically reserved the right to further depose Vatche Sarkoyan. To date, the parties have not reached an agreement on that issue.

The Defendants have taken the depositions of Mark McKibbin and Kurt Kraemer. These depositions took place in Portland, Oregon. Kurt Kraemer is a third-party witness and could not be compelled to attend a deposition in Las Vegas. Mark McKibbin voluntarily appeared in Portland at the request and convenience of the Defendants. The Defendants have reserved the right to further depose Mark McKibbin due to allegations that Western's documents were not received with sufficient time to allow the Defendants to prepare for the deposition. To date, the parties have not reached an agreement on that issue.

### B. Discovery Remaining

Presently, the discovery deadline has closed. Western is not requesting that discovery be reopened at this time. The parties (less Arlene Sarkoyan) participated in a court ordered settlement conference before Judge Leen on October 23, 2015. There was at least some hope between counsel that this case could be resolved through the settlement conference. This was not the case. Thus, the parties will likely be discussing whether additional discovery should be taken but the respective counsel have been unable to connect on this issue. These discussions were not had prior to the conference in order to avoid costs and, perhaps more importantly, to prevent any unnecessary frustration between the parties that would be a natural part of the discovery dispute negotiations.

As for specific outstanding discovery, Western noticed the deposition of Arlene Sarkoyan to take place within the deadlines provided by the Court's October 9, 2015 order which extended the discovery deadlines for depositions only. (Dkt. #31). Because Arlene was out of the country, this deposition did not take place and the parties agreed that Western would be permitted to take her deposition after the settlement conference. However, as mentioned above, this motion is not requesting the reopening of discovery at this time. Western will attempt to have this discussion with Defendants' counsel prior to taking the issue to the court.

### C. Reasons why Discovery Remains to be Completed.

This motion relates only to the deadlines for dispositive motions and the pre-trial order. These deadlines are presently set forth in the court's June 9 order (Dkt. #20). In this order, the dispositive motion deadline was October 4, 2015 and the pre-trial order is due on November 3, 2015.

On July 27, 2015, the court issued an order (Dkt. #27) extending the written discovery, deposition, and expert deadlines. Discovery responses were due September 4, 2015; depositions were due by October 4, 2015 (subsequently extended to October 14 (Dkt. #31)); and initial expert disclosure

deadline is scheduled for November 23, 2015. However, the July 27, 2015 order did not change the dispositive motion or pre-trial order deadlines.

### D. Proposed Schedule

Western proposes the following schedule for the dispositive and pre-trial deadlines.

| Activity | Prior Deadline | Proposed Deadline |
|---|---|---|
| Expert Disclosure | November 23, 2015 | November 23, 2015 |
| Rebuttal Expert Disclosure | December 23, 2015 | December 23, 2015 |
| Dispositive Motions | October 4, 2015 | January 22, 2016 |
| Pre-Trial Order | November 3, 2015 | February 21, 2016 |

In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after decision of the dispositive motions or further order of the Court. The disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections thereof shall be included in the pretrial order. All other deadlines will remain as previously ordered.

DATED this 28th day of October, 2015.

THE FAUX LAW GROUP

/s/ Kurt K. Faux
KURT C. FAUX, ESQ. (NV Bar No. 002478)
LELAND K. FAUX, ESQ. (NV Bar No. 12206)
1540 W. Warm Springs Road, #100
Henderson, Nevada 89014
*Attorneys for Western Surety Company*

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: November 20, 2015

# CERTIFICATE OF SERVICE

The undersigned, an employee of The Faux Law Group, hereby certifies that on the 28th day of October, 2015, I served a copy of the foregoing document, **MOTION TO EXTEND DEADLINE FOR DISPOSITIVE MOTIONS AND PRE-TRIAL ORDER**, by CM/ECF and by placing the same in the U.S. Mail at Henderson, Nevada, said envelope(s) addressed to:

John W. Muije, Esq.
JOHN W. MUIJE & ASSOCIATES
1840 E. Sahara Avenue, Suite 106
Las Vegas, Nevada 89104
Tel:   (702) 386-7002
Fax:   (702) 386-9135
Email: jmuije@muijelawoffice.com
*Attorneys for Defendants and Counterclaimants*

_____
An Employee of The Faux Law Group