UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WESTERN SURETY COMPANY,<br><br>                                        Plaintiff,<br>v.<br><br>S3H, INC., et al.,<br><br>                                        Defendants. | Case No. 2:14-cv-02056-JCM-PAL<br><br>ORDER<br><br>(Mot for Sanction re: Setlmt – Dkt. #41) |

Before the court is Western Surety Company's Motion for Sanctions for Failure to Attend Settlement Conference (Dkt. #41) filed November 23, 2015. The court has reviewed the motion, Defendants' Opposition (Dkt. #42) filed December 10, 2015, and Plaintiff's Reply (Dkt. #43) filed December 21, 2015.

The parties stipulated to a settlement conference and also requested a stay of discovery pending the settlement conference on July 8, 2015. *See* Stipulations (Dkt. ##21, 22). The court granted the stipulation for a settlement conference and set a settlement conference for October 16, 2015. *See* Order (Dkt. #25). The court held a hearing on the Motion to Stay Discovery and denied the motion on July 21, 2015. *See* Minutes (Dkt. #26). At the hearing, the court inquired what discovery was needed to prepare this case for a meaningful settlement conference and trial. The court directed that the parties engage in the discovery both sides believed was necessary. *Id.* The court also granted the parties' request that the settlement conference scheduled for October 16, 2015, be continued.

The order setting this case for settlement conference required all individual parties to be present. *See* Order (Dkt. #25). On October 21, 2015, Defendants filed a Request for Exception to the Personal Attendance Requirement (Dkt. #32) asking that Arlene Sarkoyan be excused because she was out of the country. Defendants opposed the request. Mrs. Sarkoyan did not

1

appear in person, but was available telephonically for the duration of the settlement conference. The parties were unable to reach a settlement.

In the current motion, Plaintiff seeks monetary sanctions in the amount of $6,367.02 for the time spent preparing the settlement brief, opposing Arlene Sarkoyan's request for an exception to the personal attendance requirement, preparing for and attending the settlement conference, and air fare from Chicago to Las Vegas for the Plaintiff's authorized representative. Plaintiff argues that sanctions are appropriate under Rule 37(b)(2)(A)(ii-vii). Although the motion for an exception to the attendance requirement stated that Arlene Sarkoyan had granted her husband full and express authority regarding settlement, Plaintiff's counsel believes this was inconsistent with information previously received that the Sarkoyans were having "marital issues as a result of the stresses related" to this litigation.

Fed. R. Civ. P. 16(f) allows the court to issue sanctions permitted by Rule 37(b)(2)(A)(ii-vii) where a party fails to comply with pretrial orders. It is undisputed that Mrs. Sarkoyan failed to comply with the court's order that she appear in person. Sanctions should therefore be ordered against Arlene Sarkoyan and in favor of the Plaintiff.

Defendants oppose the motion acknowledging that Rule 16(f) authorizes sanctions for failure to comply with the order scheduling the settlement conference. However, in this case, counsel takes full responsibility for Mrs. Sarkoyan's failure to attend. The opposition, which is supported by the declaration of counsel, attests that he learned several weeks before the settlement conference that Mrs. Sarkoyan would be out of the country accompanying her 19-year-old daughter on a study abroad program, but failed to timely file a motion for an exception to the attendance requirement. The settlement conference proceeded as scheduled. Mrs. Sarkoyan gave her husband full authority to resolve the matter on her behalf, and Mrs. Sarkoyan was available telephonically for the duration of the conference. The only expense arguably caused directly by Arlene Sarkoyan's absence was the three hours counsel for Western spent opposing the motion for an exception. Under these circumstances, the court should deny the request for sanctions. However, if the court is inclined to impose sanctions, counsel asks that they be imposed against him and not his clients.

1     Western replies that it is undisputed that Mrs. Sarkoyan failed to comply with the court's order scheduling the settlement conference. Plaintiff believes that Mr. Sarkoyan is "driving the litigation" and has "shielded" Arlene Sarkoyan from this action. Western was expecting to be able to discuss the case with Mrs. Sarkoyan at the settlement conference. Even if opposing counsel had timely filed a request to excuse her personal attendance, Western would have opposed the request believing her attendance was necessary. The parties' intent in requesting a continuance of the settlement conference was for Mrs. Sarkoyan to attend. It is therefore fair and reasonable to require the Defendants to pay Western's attorney's fees and costs associated with the settlement conference as a sanction for her failure to appear.

    The court admonished counsel for Defendants for not reviewing and timely complying with the order requiring a request for exception to the personal attendance requirement to be filed at least one week before the scheduled settlement conference. Counsel for the Defendants took full responsibility for his failure to timely file a request for an exception of the personal attendance requirement. Western does not dispute that Mrs. Sarkoyan was out of the country accompanying her 19 year old daughter. A timely request for an exception the court would, in all likelihood, have been approved based on representations of her counsel that she had given her husband full authority to resolve this case on her behalf and that of the company. She was available telephonically for the duration of the settlement conference. The fact that a pending lawsuit may cause some marital stress is not sufficient reason to dispute Mr. Muije's declaration attesting that Mrs. Sarkoyan delegated complete authority to settle this case to her husband.

    Finally, all of the costs and attorney's fees which Plaintiff seeks as a sanction would have been incurred whether or not Mrs. Sarkoyan personally attended the settlement conference. Counsel for Plaintiff makes it clear that he would have opposed the motion for an exception to the personal attendance requirement even if it had been timely filed. Western's hope that Mrs. Sarkoyan may have been more inclined to settle than her husband is simply not a sufficient reason to excuse her attendance for a legitimate reason. Although the case did not settle, the court is satisfied that Mr. Muije and Mr. Sarkoyan had Mrs. Sarkoyan's full authority to

1  negotiate an appropriate settlement on her behalf and that of the company. Under these
2  circumstances the court determines that monetary sanctions are not warranted.

3  **IT IS ORDERED** that:

4  1. Western Surety Company's Motion for Sanctions for Failure to Attend Settlement
5  Conference (Dkt. #41) is **DENIED**.

6  2. Counsel for Defendants is admonished for failure to timely comply with the court's
7  order scheduling the settlement conference. Any future failure to comply will be
8  sanctioned.

9  3. Defendants Request for Exception to the Personal Attendance Requirement (Dkt.
10  #32) is **GRANTED**.

11  DATED this 9th day of February, 2016.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE