# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WESTERN SURETY COMPANY,<br><br>                    Plaintiff,<br>v.<br>S3H, et al.,<br><br>                    Defendants. | Case No. 2:14-cv-02056-JCM-PAL<br><br>ORDER<br><br>(Mot Strike – Dkt. #53) |

      Before the court is Defendants' Motion to Strike Plaintiff's Exhibit 21 to Western Surety Company's Motion for Summary Judgment (Dkt. #53). The court has considered the motion, Plaintiff's Opposition (Dkt. #55), and Defendants' Reply (Dkt. #56). Although the motion pertains to an exhibit that is attached to Western Surety's motion for summary judgment, the matter was automatically referred to me for decision by the court's CM/ECF system.

      Western Surety filed a Motion for Summary Judgment (Dkt. #56) on January 22, 2016. This motion involves Exhibit 21, a November 25, 2014, letter to Portland counsel for Defendant S3H to counsel for Western Surety. The Defendants claim the letter should be stricken and not considered in connection with the motion for summary judgment pursuant to Federal Rule of Evidence 408(a)(2) which precludes a party from admitting into evidence statements made during compromise regarding negotiations of a claim.

      Western Surety opposes the motion arguing the letter is admissible under Federal Rule of Evidence 408(a) because it establishes that S3H transmitted a check for payment of the amount not in dispute. Thus, the document is admissible as proof of Defendants' acknowledgement of its obligations to pay the undisputed amount. Western Surety also argues that the letter is admissible as evidence of when it was first made aware that the Defendants disputed other indemnity obligations. Additionally, the letter is admissible under Federal Rule of Evidence

1

408(b) under the "other purpose" exception to establish that Western Surety could not have intended to arbitrate a dispute when it did not know that a dispute existed.

Defendant replies that the letter constituted part of an ongoing settlement discussion and negotiation and is therefore inadmissible.  The letter states in its heading "**THIS LETTER IS SOLELY FOR SETTLEMENT PURPOSES AND MAY NOT BE USED FOR ANY OTHER PURPOSES**."  Defendant asserts the letter consists of two paragraphs, the first of which merely constitutes a transmittal of a long-acknowledged obligation.  However, the second paragraph contains an offer of compromise that is inadmissible.  Defendant also argues that the probative value of the letter is outweighed by its prejudicial effect.  Defendant therefore asks that the court strike the exhibit.

Having reviewed and considered the moving and responsive papers, the court will grant the motion in part and deny the motion with respect of the first paragraph of the letter which unconditionally tenders a payment in the amount of $297,103.74 that Defendants agreed was owed to Western Surety.  The second paragraph of the letter disputes that any additional amounts are owed.  The first sentence of the second paragraph contains the information needed to document the fact S3H disputed liability for any remaining amounts.  However, the final sentence consists of an effort to resolve the matter and avoid litigation.  The court finds that the final sentence of paragraph 2 is protected by Federal Rule of Evidence 408 and should not be considered in conjunction with the motion for summary judgment.  The remainder of the letter may be considered as evidence of the undisputed amount, and notice S3H disputed it owed any additional amount to Western Surety.

**IT IS ORDERED** that the Motion to Strike Plaintiff's Exhibit 21 to Western Surety Company's Motion for Summary Judgment (Dkt. #53) is **GRANTED in part** and **DENIED in part** consistent with this order.

DATED this 24th day of June, 2016.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE